UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
LUISANNA VALERA HERNANDEZ, on behalf of  :
herslf and all others similarly situated,          :
                                                            Plaintiff,    :      **COLLECTIVE AND**
                                                                          :      **CLASS ACTION**
                     -against-                              :      **COMPLAINT**
                                                                              :
NEW VISION HOME CARE SERVICES, LLC,       :
                                               Defendant.      :
------------------------------------------------------------------------X

Plaintiff Luisanna Valera Hernandez ("Plaintiff" or "Hernandez"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC, complaining of Defendant New Vision Home Care Services, LLC ("Defendant" or New Vision Home Care), alleges:

## NATURE OF THE ACTION

1. Plaintiff worked as a home health aide for Defendant, working up to eighty-six hours per workweek, but alleges that Defendant only compensated her for eight overtime hours each week. Further, that Defendant failed to provide her with a wage notice at the time of her hiring or with accurate wage statements with each wage payment.

2. Plaintiff brings this action on behalf of herself and all other similarly situated home health aides of Defendant to recover their unpaid overtime wages, liquidated damages, statutory damages, pre-and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and the Wage Theft Prevention Act ("WTPA").

3. Plaintiff brings individual claims pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), due to Defendant's unlawful

discrimination against her on the basis of her gender and pregnancy, that she is entitled to recover from Defendants: (1) economic damages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

4. Plaintiff brings additional individual claims, pursuant to the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), due to Defendants' unlawful discrimination against her on the basis of her gender and pregnancy, that she is entitled to recover from Defendants: (1) economic damages (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION

5. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because many of the events and omissions alleged below occurred in this District.

## THE PARTIES

**Plaintiff Luisanna Valera Hernandez**

7. Hernandez resides in Bronx County, New York.

8. Hernandez worked for Defendant from approximately March 2019 through December 13, 2019, and again from February 26, 2021, through the present.

**Defendant New Vision Home Care Services, LLC**

9. Defendant New Vision Homecare Services, LLC ("New Vision") is a New York limited liability company headquartered at 40 Saw Hill River Road, Suite LL7, Hawthorne, New York 10532.

10. New Vision is a home health care agency providing comprehensive care for ill and aging patients in New York State. *See* https://nvhcservices.com/ (last visited October 4, 2024).

11. New Vision is a covered employer within the meaning of the FLSA and NYLL that, throughout Plaintiff's employment, employed Plaintiff and similarly-situated home health aides by, for example, hiring, firing, and disciplining them, directing their work duties, issuing and maintaining payroll and time records, and setting other employment practices and terms.

12. New Vision applies the same employment policies, practices, and procedures to all home health aides in its operation, including practices concerning the frequency of wage payments, overtime compensation, and job site procedures.

13. New Vision assigned home health aides, including Plaintiff, to work with the company's patients across New York State, including in New York County.

14. New Vision employs approximately two hundred home health aides in New York State.

15. New Vision has had an annual gross volume of sales in excess of $500,000 in the three years before the filing of this Complaint.

**FACTUAL ALLEGATIONS**

16. Throughout her employment, Plaintiff was assigned patients with mental or physical conditions requiring around-the-clock care. Plaintiff spent her working time caring for patients by preparing meals, cleaning, assisting with medication, helping them navigate their homes and use the toilet, dressing and grooming them, changing their diapers, as well as bathing, feeding, and cleaning them.

17. From approximately March 2019 through December 2019, Plaintiff worked from 9:00 a.m. to 5:00 p.m. Monday through Friday, for a total of forty hours per workweek.

18. From approximately February 2021 through March 15, 2024, Plaintiff worked with one New Vision patient Monday to Friday from approximately 9:00 a.m. to 5:00 p.m., and occasionally up until 7:00 p.m., and then with a second New Vision patient Monday through Wednesday from approximately 8:00 p.m. to 8:00 a.m., for a total of approximately seventy-six to eighty-six hours per workweek. Plaintiff often worked more hours per workweek depending on the patients' needs.

19. From approximately March 2019 through December 13, 2019, Defendant paid Plaintiff $13.00 per hour.

20. From approximately March 12, 2021, through April 30, 2021, Defendant paid Plaintiff $15.00 per hour for most hours worked, including hours over forty per workweek.

21. From approximately May 1, 2021, through April 18, 2022, Defendant paid Plaintiff $16.22 per hour for most hours worked, including hours over forty per workweek.

22. From approximately April 19, 2022, through December 30, 2022, Defendant paid Plaintiff $17.22 per hour for most hours worked, including hours over forty per workweek.

23. From approximately January 20, 2023, through December 2023, Defendant paid Plaintiff $18.22 per hour for most hours worked, including hours over forty per workweek.

24. From approximately January 1, 2024, through the end of her employment, Defendant paid Plaintiff $18.55 per hour for most hours worked, including hours over forty per workweek.

25. Throughout her employment, Defendant systematically paid Plaintiff for only eight hours of overtime each week at a rate of $22.50 per hour.

26. For example, for the pay period of July 24, 2023, through July 30, 2023, Defendant paid Plaintiff $18.22 per hour for eighty-one hours, and $22.50 for eight hours, for a total of eighty-nine hours worked.

27. For example, for the week of February 5, 2024, through February 11, 2024, Defendant paid Plaintiff $18.55 for seventy-two hours, and $22.50 for eight hours, for a total of eighty hours worked.

28. Defendant failed to furnish Plaintiff, with a wage notice upon hiring or when her rate of pay changed reflecting, *inter alia*, their overtime wage rates.

29. Defendant failed to furnish Plaintiff, with accurate wage statements with each payment of her wages reflecting, *inter alia*, the correct overtime wage rates and total hours worked.

**Pregnancy Discrimination**

30. In approximately April 2024, Plaintiff informed Defendant that she was pregnant, and would need to work on a case with light lifting duties. Defendant informed her that there were no current light-duty assignments available, but that they would notify her as soon as one became available.

31. On August 2, 2024, Plaintiff emailed her patient coordinator, Rosa (last name unknown), and asked for the employee handbook so she could see their overtime payment and pregnancy-related policies. Plaintiff did not receive a copy of the handbook.

32. The same day, Rosa (last name unknown), called Plaintiff and told her that there were no jobs available.

33. Defendant maintains HHA Exchange a mobile application that lists the cases available for assignment to home health aides.

34. Upon review of Defendant's application since April 2024, there have been multiple assignments that qualified as light duty that Plaintiff could have worked on.

35. Despite the availability of light-duty work, Defendants have refused to accommodate Plaintiff's pregnancy and she has not been placed on any cases with Defendant since April 2024.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of herself and all other similarly situated persons who have worked as Home Health Aides ("HHAs") for Defendant in New York within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

37. The FLSA Collective consists of over one hundred HHAs across New York State who have been victims of Defendant's common policies and practices that have violated their rights under the FLSA by, *inter alia*, unlawfully paying them at the same hourly wage rate for all hours worked, including those over forty per workweek, and by failing to pay them for all overtime hours worked.

38. Throughout Plaintiff's employment, Defendant paid Plaintiff and the FLSA Collective at the same hourly rate for most hours worked in excess of forty per workweek, and at $22.50 for approximately eight overtime hours per workweek.

39. Throughout Plaintiff's employment, Defendant failed to pay Plaintiff and the FLSA Collective for all overtime hours that they worked per workweek.

40. Defendant is aware, or should have been aware, that the FLSA requires them to pay one and one-half times the regular rate per overtime hour worked.

41. Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

42. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated HHAs can be readily identified and located through Defendant's records. The similarly situated HHAs should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS

43. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated non-exempt HHAs who work or have worked, for Defendant within the six years, plus applicable tolling periods, prior to the filing of the complaint (the "Rule 23 Class").

44. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

45. The size of the Rule 23 Class is at least one hundred, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

46. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

47. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including:

  a. whether Defendant correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of forty per workweek;

  b. whether Defendant failed to pay Plaintiff overtime wages;

  c. whether Defendant failed to furnish Plaintiff and the Rule 23 class with proper wage notices when they were hired reflecting, *inter alia*, their applicable overtime wage rates, as required by the NYLL; and

  d. whether Defendant failed to furnish Plaintiff and the Rule 23 Class with accurate wage statements with every payment of wages reflecting, *inter alia*, their total hours worked and applicable overtime wage rates, as required by the NYLL.

48.  Plaintiff's claims are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the members of the Rule 23 Classwork, or have worked, for Defendant at various times within the applicable six-year statutory period, plus applicable tolling periods. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendant' failure to comply with the NYLL.

49.  Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

50.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

51.  Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

52.  There is no conflict between Plaintiff and the Rule 23 Class members.

53.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common policies, practices, and

procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

54. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (FLSA – Unpaid Overtime)

55. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

56. Defendant has willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates, which cannot be less than the applicable minimum wage rate, per hour, worked in excess of forty per workweek.

57. Defendant is an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

58. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

59. Defendant was aware, or should have been aware, that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

60. Due to Defendant's violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (NYLL – Unpaid Overtime)

61. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

62. Pursuant to the NYLL and supporting NYSDOL Regulations, Defendant was required to pay Plaintiff and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

63. Defendant is an employer within the meaning of the NYLL §§ 190, 651(6), and supporting NYDOL Regulations, and employed Plaintiff and the Rule 23 Class.

64. Defendant failed to pay Plaintiff and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay, which could not be less than the agreed-upon regular wage rate, per hour worked in excess of forty per workweek.

65. Defendant has willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

66. Due to Defendant's willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre-and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
### (WTPA – Failure to Provide Accurate Wage Statements)

67. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

68. The WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

69. As part of their scheme to avoid paying Plaintiff and the Rule 23 their regular and overtime wages due, Defendant failed to furnish Plaintiff and the Rule 23 Class with a statement with each wage payment accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

70. Defendant failed to pay Plaintiff and the Rule 23 Class all of their wages due and attempted to conceal their failures to do so by issuing them wage statements that did not reflect all of their wage rates due.

71. As a result of Defendant's violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## FOURTH CLAIM
### (WTPA – Failure to Provide Wage Notice)

72. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

73. The WTPA requires employers to provide all employees with written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

74. As part of their scheme to avoid paying Plaintiff and the Rule 23 their regular and overtime wages due and in violation of NYLL § 195(1), Defendant failed to furnish Plaintiff and the Rule 23 Class, at the time of hiring or whenever the rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any,

11

claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

75. In an attempt to conceal their obligation to pay HHAs overtime wages, Defendant chose not to furnish Plaintiff and the Rule 23 Class with a wage notice setting forth each employee's regular and overtime wages due per pay period.

76. As a result of Defendant's violations of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

### FIFTH CLAIM
### (N.Y. EXECUTIVE LAW § 296, subd. 1(a) and (3)
### (GENDER and PREGNANCY DISCRIMINATION)

77. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

78. Plaintiff presently resides and at all times relevant herein resided and worked in New York.

79. Defendants have discriminated against Plaintiff in violation of Section 296, subdivision 1(a) of the New York Executive Law, by subjecting her to discriminatory treatment on the basis of her gender and pregnancy status.

80. Defendant has discriminated against Plaintiff in violation of Section 296, subdivision 3(a) by failing to provide a reasonable accommodation to Plaintiff for her pregnancy.

81. Defendant has discriminated against Plaintiff by treating her differently from and less preferably than similarly-situated non-pregnant employees who continue to be employed by Defendants.

82. As a direct result of Defendant's conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to lost earning, lost benefits, lost future employment opportunities, and other financial loss.

83. As a further and direct result of Defendant's conduct alleges in this complaint, Plaintiff has suffered and continues to suffer emotional distress and other non-economic damage.

84. As a result of Defendant's discrimination, Plaintiff is entitled to recover any and all legal remedies available for violations fo the New York Executive Law, in addition to the damages set forth hereinabove.

**SIXTH CLAIM**
**(N.Y.C. ADMIN CODE § 8-107, subd. (1) (22)**
**(GENDER and PREGNANCY DISCRIMINATION)**

85. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

86. Plaintiff presently resides and at all times relevant herein resided and worked in New York City.

87. Defendant has discriminated against Plaintiff in violation of Section 8-107, subdivisions 1, and 22(a) of the New York City Administrative Code, by subjecting her to discriminatory treatment on the basis of her gender and pregnancy.

88. Defendant has discriminated against Plaintiff in violation of Section 8-107, by failing to provide a reasonable accommodation to Plaintiff for her pregnancy.

89. Defendant has discriminated against Plaintiff by treating her differently from and less preferably than similarly-situated non-pregnant employees who continue to be employed by Defendants.

90. As a direct result of Defendant's conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to lost earnings, lost benefits, lost future employment opportunities, and other financial losses.

91. As a further and direct result of Defendant's conduct alleged in this complaint, Plaintiff has suffered and continues to suffer emotional distress and other non-economic damages, as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

    a. certify this case as a class action pursuant to Rule 23 for the class of employees described above, appoint Plaintiff as a class representative, and designate Plaintiff's counsel as Class Counsel;

    b. designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    c. declare that Defendant violated the overtime wage provisions of the FLSA and NYLL;

    d. declare that Defendant violated the wage notice and wage statement provisions of the WTPA;

    e. declare that Defendant's violations of the FLSA, NYLL, and WTPA were willful;

    f. award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

    g.  award Plaintiff and the Rule 23 Class liquidated damages as a result of Defendant's failure to pay wages on time in violation of the NYLL;

    h.  award Plaintiff and the Rule 23 Class statutory damages as a result of Defendant's failure to furnish them with wage notices upon hiring and with accurate wage statements at the end of each pay period, in violation of the WTPA;

    i.  award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

    j.  award Plaintiff and the Rule 23 Class pre- and post-judgment interest under the NYLL;

    k.  award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL;

    l.  award Plaintiff compensatory and punitive damages based on Defendant's discriminatory practices; and

    m.  award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        October 4, 2024

                                        PECHMAN LAW GROUP PLLC

                                        By: _s/ Louis Pechman_
                                              Louis Pechman
                                              Vivianna Morales
                                              Camille A. Sanchez
                                              Pechman Law Group PLLC
                                              488 Madison Avenue, 17th Floor
                                              New York, New York 10022
                                              Tel.: (212) 583-9500
                                              pechman@pechmanlaw.com
                                              morales@pechmanlaw.com
                                              sanchez@pechmanlaw.com
                                              *Attorneys for Plaintiff, the Putative FLSA Collective, and Putative Rule 23 Class*